# STATE OF TENNESSEE
# SUMMONS



IN THE CIRCUIT COURT FOR   MADISON   COUNTY, TENNESSEE

| | |
|---|---|
| EUGENIA VEGA <br> **Plaintiff** | CIVIL ACTION NO. C-17-249 <br> DIV. III |
| **Plaintiff** <br> vs. <br> REBECCA LYNN METZ AND <br> **Defendant** <br> CELADON TRUCKING SERVICES INC <br> **Defendant** <br><br> **Defendant** | Service By: <br> ☐ Sheriff <br> ☐ Attorney <br> ☑ Sec. Of State <br> ☐ Comm. Of Insurance |

To the above named Defendant: CELADON TRUCKING SERVICES INC:
9503 E 33RD ST, Indianapolis, Indiana, 46235

You are hereby summoned and required to serve upon BRIAN LEE NASH plaintiff's attorney, whose address is 1409 WEST MAIN ST, #202, FRANKLIN, TN 37064 _____, an answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Witnessed and issued, Debbie McMillan Barrett, Circuit Clerk for said Court at office this 21 day of Sept., 2017.

_____
Circuit Court Clerk

### NOTICE:

To the defendant(s): Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the terms you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Mail list, including docket number, to: Circuit Court Clerk, 515 S. Liberty St, Suite 200, Jackson, TN 38301

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that I served this summons together with the complaint as follows:

Check *one*: (1) or (2) are for the return of an authorized officer or attorney; an attorney's return must be sworn to; (3) is for the witness who will acknowledge service and requires the witness's signature.

☐ 1. I certify that on the date indicated below I served a copy of this summons on the witness stated above by _____

☐ 2. I failed to serve a copy of this summons on the witness because _____

☐ 3. I acknowledge being served with this summons on the date indicated below:

DATE OF SERVICE: _____

SIGNATURE OF WITNESS, OFFICER OR ATTORNEY: _____

Signature of Notary Public or Deputy Clerk: _____

Commission Expires: _____

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20_____, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case no. _____ to the defendant _____, on the _____ day of _____, 20_____. I received the return receipt, which had been signed by _____ on the _____ day of _____, 20_____. The return receipt is attached to this original summons to be filed by the Circuit Court Clerk.

_____
Signature

Sworn to and subscribed before me on this __ day of _____ 20____.

_____    Commission Expires: _____
Signature of Notary Public or Deputy Clerk

## CERTIFICATION (IF APPLICABLE)

I hereby certify this to be a true and correct copy of the original summons issued in this case.

_____
CIRCUIT COURT CLERK



IF YOU HAVE A DISABILITY AND REQUIRE ASSISTANCE, PLEASE CALL 731-988-3070

IN THE CIRCUIT COURT FOR MADISON COUNTY, TENNESSEE
AT JACKSON

| | |
|---|---|
| EUGENIA VEGA, | ) |
| Plaintiff, | ) |
| | ) No. C-17-249 |
| | ) JURY DEMAND |
| REBECCA LYNN METZ and | ) |
| CELADON TRUCKING SERVICES, INC. | ) DIV. III |
| Defendant. | ) |

*FILED SEP 21 2017 KATHY BLOUNT CIRCUIT COURT CLERK, DEPUTY CLERK 3:40 P.M.*

*COPY*

## COMPLAINT

Comes now the Plaintiff, EUGENIA VEGA, for his cause of action against Defendants, REBECCA LYNN METZ, and CELADON TRUCKING SERVICES, INC. and states to the Court:

1. Plaintiff, EUGENIA VEGA, is a citizen and resident of Hidalgo County, Texas residing at 2009 N. Montana, Mission, Texas 78573.

2. On information and belief, Defendant, REBECCA LYNN METZ, is a resident of Marshall County, Indiana, residing at 1459 5c Rd, Plymouth, Indiana 46563.

3. On information and belief, Defendant, Celadon Trucking Services, Inc. is an Indiana Corporation located at 9503 E 33RD ST, Indianapolis, Indiana, 46235, USA.

4. At all times relevant to the matters alleged herein, Defendant, REBECCA LYNN METZ was the driver of the 2015 International and was within the scope of her employment or agency with CELADON TRUCKING SERVICES, INC.; and REBECCA LYNN METZ was driving prior to and at the time of the collisions described herein.

1

5. All all times the 2015 International Vin#3HSDJAPRXFN588280 was registered in the name of Defeandant and employer of REBECCA LYNN METZ's, CELADON TRUCKING SERVICES, INC.

6. At all times relevant to the matters alleged herein, Defendant, CELADON TRUCKING SERVICES, INC. was the owner of the 2015 International Vin#3HSDJAPRXFN588280 and employer of Defendant REBECCA LYNN METZ.

7. On or about September 23, 2016, Plaintiff EUGENIA VEGA, was lawfully parked and laying down in the sleeping quarters of a 2016 Freightliner, Vin#1FUJGLD54GLHE6765.

8. Defendant REBECCA LYNN METZ was driving the 2015 International semi attempting to turn down a lane between parked trucks at or near 2050 Highway 70 E, Jackson, TN 38305, one of which was occupied by Plaintiff Eugenia Vega.

9. Defendant REBECCA LYNN METZ operated her vehicle in a way that struck the parked vehicle occupied by Plaintiff Eugenio Vega.

10. The violent contact caused by Defendant REBECCA LYNN METZ's vehicle caused Plaintiff Eugenio Vega to arise to investigate what violently struck the vehicle he occupied when suddenly and without warning the vehicle was struck again by Defendant REBECCA LYNN METZ operation of her vehicle causing Plaintiff Eugenio Vega to be forcefully and violently tossed around the interior of his vehicle causing serious and painful injuries.

11. Defendant REBECCA LYNN METZ operated her motor vehicle in a negligent, grossly negligent, or reckless manner and struck the vehicle driven by Plaintiff EUGENIA VEGA. At all times herein material, Defendant REBECCA LYNN METZ was guilty of the following acts of common law negligence, which acts or omissions were the direct and proximate cause of the damages and injuries sustained by the Plaintiff.

12. Defendant REBECCA LYNN METZ was negligent in the following particulars:

   a. Defendant METZ negligently failed to maintain proper lookout;

   b. Defendant METZ negligently failed to pay proper attention to the roadway and the other vehicles on the roadway, including Plaintiff's vehicle;

   c. Defendant METZ negligently failed to yield to the right-of-way;

   d. Defendant METZ Carelessly operated a vehicle in a manner which caused it to strike the vehicle contained the Plaintiff; and

13. Defendant METZ negligently failed to use reasonable and due care in the operation of her vehicle so as to avoid injury to another person using the roadway, including Plaintiff EUGENIA VEGA.

14. Defendant REBECCA LYNN METZ was negligent *per se* in the following particulars:

   a. She violated Tenn. Code Ann. § 55-8-129 by Failing to yield the right-of way;

   b. She violated Tenn. Code Ann. § 55-8-142 by Failing to ensure that the turn could be made with reasonable safety in violation of others;

   c. She violated Tenn. Code Ann. § 55-8-136 by Failing to exercise due care to avoid colliding with another vehicle in violation of; and

   d. She violated Tenn. Code Ann. § 55-10-205 by Driving her vehicle in willful or wanton disregard for the safety of others in violation of.

15. Defendant, CELADON TRUCKING SERVICES, INC., is liable for any negligent acts and omissions of Defendant REBECCA LYNN METZ or other agents.

16. Defendant, CELADON TRUCKING SERVICES, INC. was also negligent in hiring and retaining Defendant METZ.

17. Plaintiff EUGENIA VEGA, suffered injuries as a direct and proximate result of Defendants' negligence. Plaintiff, EUGENIA VEGA has incurred and will continue to incur medical bills and other expenses related to his injuries. Plaintiff EUGENIA VEGA is entitled to receive his damages from Defendants, jointly and severally, for pain and suffering, permanent impairment, permanent scarring, medical bills, lost wages, lost earning capacity, loss of enjoyment of life, and all other damages allowed under Tennessee law.

18. Plaintiff, EUGENIA VEGA, suffered injuries as a direct and proximate result of Defendant, CELADON TRUCKING SERVICES, INC. negligence through vicarious liability by employing Defendant Metz and agents.

19. Defendant, CELADON TRUCKING SERVICES, INC. is also liable for negligent hiring and retention of Defendant METZ or agents.

WHEREFORE, Plaintiff prays for the following relief:

1. A judgment for compensatory damages for Plaintiff against Defendants, jointly and severally, in amounts to be determined by the trier-of-fact, but in excess of $25,000;

2. An award of all discretionary costs and court costs; and,

3. Such other and further relief as shall be deemed reasonable and necessary.

Respectfully Submitted,

*/s/ Brian Lee Nash*

Brian Lee Nash, BPR#029624
Nash Injury Law, PLLC
1049 West Main Street, Suite 202
Franklin, TN 37064
(615) 435-3407 Telephone
(615) 807-3294 Facsimile
Attorney for the Plaintiff